UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSHUA BAGWELL,<br>TDCJ No. 815991,<br><br>          Plaintiff,<br><br>V.<br><br>BRAD LIVINGSTON,<br>JOE GRIMES,<br>P. CHAPS,<br>JESUS PARALTA,<br>MARIA RAMIREZ,<br>GENE MILLER, and<br>SAMMIE VALERO,<br><br>          Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. SA-15-CV-584-DAE (HJB) |

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND FOR STAY

The matters before the Court are (1) defendants' motion to dismiss (based upon the Eleventh Amendment), filed December 16, 2015 (ECF no. 19), (2) defendants' motion to dismiss (based upon the well-settled rule that respondent superior and other theories of vicarious liability do not apply in Section 1983 actions), filed December 31, 2015 (ECF no. 22), and (3) defendants' motion for stay, filed December 31, 2015 (ECF no. 23).

Background

Plaintiff, currently an inmate at the TDCJ's Connally Unit in Kenedy, Texas, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging defendants, all supervisory TDCJ or Connally Unit officials, had failed to furnish plaintiff and others currently housed in administrative segregation with nutritionally adequate meals and adequate recreation to permit them to maintain their health during their incarceration. Plaintiff sued all of the defendants in their official capacities only and

seeks only declaratory and prospective injunctive relief.  The Court has denied without prejudice plaintiff's request for class certification and appointment of counsel.

Defendants' Motions

Defendants have filed two motions to dismiss.  In their first, the defendants rely upon the Eleventh Amendment.  Under the Eleventh Amendment, federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his "official capacity" unless the state has waived its sovereign immunity or Congress has clearly abrogated it.  *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 2033, 138 L. Ed. 2d 438 (1997); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S. Ct. 1114, 1123, 134 L. Ed. 2d 252 (1996).  This is because a suit for monetary damages against a state official in that official's "official capacity" is actually, a suit against the State which employs the official.  *See Will v. Michigan Dept. of State* Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Morris v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014) (holding the same), *cert. denied*, 134 S. Ct. 2734 (2014).  The Eleventh Amendment does not apply, however, to a request for a federal court to grant *prospective injunctive relief* against state officials on the basis of federal claims; thus, a request for prospective injunctive relief against state officials or employees in their official capacities falls within an exception to Eleventh Amendment immunity.  *Ex parte Young*, 209 U.S. 123, 149 (1908); *Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013) ("A suit is not 'against' a state, however, when it seeks prospective, injunctive relief from a state actor in her official capacity, based on an alleged ongoing violation of the federal constitution.").  Defendants' first motion to dismiss lacks merit.

In their second motion to dismiss, the defendants rely upon the well-settled doctrine that *respondeat superior* and other theories of vicarious liability do not apply to actions brought under Section 1983.  *See  Connick v. Thompson*, 563 U.S. 51, 60 (2011) (municipality could not be held liable under section 1983 absent proof its failure to adequately train its employees rose to the level of deliberate indifference to the rights of its citizens); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior); Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978) (a local government may not be sued under § 1983 for injury inflicted solely by its non-policymaking employees or agents).  Under Section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability; the doctrine of *respondeat superior* does not apply to such actions.  *See Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (under Section 1983, a government official may be held liable solely for his own conduct). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983.  *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'"); *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 169 (5th Cir. 2010) ("To support a supervisory liability claim, the misconduct of a subordinate must be conclusively linked to the action or inaction of the supervisor."), *cert. denied*, 131 S. Ct. 3059 (2011).

The defenses ordinarily available to state officials sued in their individual capacities under Section 1983 (such as qualified immunity, absolute judicial immunity, prosecutorial immunity, and the like) do not apply to an action brought against those same officials in their official capacities

3

seeking only prospective injunctive relief.  *See Hafer v. Melo*, 502 U.S. 21, 25 91991) ("the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses."); *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("The only immunities that can be claims in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment."); *Nigen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) ("Under the doctrine articulated in *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908), a state official attempting to enforce an unconstitutional law 'is stripped of his official clothing and becomes a private person subject to suit.' ").  As long as the relief sought against state officials in their official capacities is "declaratory or injunctive in nature and prospective in effect," a Section 1983 claim asserting a violation of the plaintiff's federal constitutional rights may proceed in federal court.  *Nigen Biotech, L.L.C. v. Paxton*, 804 F.3d at 394. Plaintiff's claims against the defendants are in their official capacities and seek only declaratory and prospective injunctive relief.  The failure of plaintiff to allege specific facts showing precisely how each of the named defendants was personally involved in the alleged denials of adequate food and recreation to Connally Unit inmates housed in administrative segregation does not furnish a basis for the dismissal of this action.

Accordingly, it is hereby **ORDERED** that:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2. Defendants' motion to dismiss, filed December 16, 2015 (ECF no. 19), is **DENIED.**

3. Defendants' motion to dismiss, filed December 31, 2015 (ECF no. 22), is **DENIED.**

4. Defendants' motion for stay, filed December 31, 2015 (ECF no. 23), is **DENIED.**

5.  This cause is **REFERRED** back to the Magistrate Judge in accordance with 28 U.S.C.

§ 636(b) and the Local Rules for the Assignment of Duties to United States Magistrate Judges,

Appendix C to Local Court Rules of the United States District Court for the Western District of

Texas.

   **It is so ORDERED.**

   **SIGNED this 1ˢᵗ day of February, 2016.**


_____

David Alan Ezra
Senior United States Distict Judge